RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/25/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES RAY LACHNEY (D.O.C. #479864) | DOCKET NO. 11-CV-208; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION TO DISMISS SIX DEFENDANTS

Plaintiff Charles Ray Lachney, proceeding pro se and in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He has previously filed three civil suits in this district court, two of which have been dismissed as frivolous or for failing to state a claim for which relief can be granted.

In this suit, he names as defendants: Tim Wilkinson, Geroge Stevenson, Tommy Glover, Captain Rials, Sandy Taylor, A/S Bazar, Monica Napper, and inmates Roland Ranker, LaBark Refuge, Pierre Davis, Phillipian Gater, Brian Williams, and Robert Victory. For the following reasons, it is recommended that the six inmates be dismissed from this action.

#### Background

Plaintiff has alleged, on <u>October 23, 2010</u>, he was summoned by prison officials to the court room at WNC. Upon his arrival, Plaintiff was met by Defendants Sandy Taylor, George Stevenson, and

A/S Bazar. These three defendants advised Plaintiff that if he did not "straighten up his act," they were going to "kick his a-." The defendants made reference to Plaintiff's administrative remedy requests and prior lawsuits. Plaintiff made repeated demands to see Warden Wilkinson, but was refused. Then, without provocation, the defendants began to assault Plaintiff.

Plaintiff alleges that Defendant Stevenson grabbed him around his throat and began choking Plaintiff, which "caused Mr. Lachney to go into an asthma attack. While Mr. Lachney was on the ground, Defendant Stevenson began kicking him in the ribs." [Doc. #1, p.13] Defendant Sandy Taylor then sprayed Plaintiff with an inflammatory agent, which "augmented the effects of the asthma attack and cause Mr. Lachney to go into a convulsive seizure." [Doc. #1, p.13-14] Defendant Bazar kicked Plaintiff in the ribs while he was having a seizure and began beating him in the head while he was on the ground.

The following day, Plaintiff told Warden Wilkinson what had transpired. The warden replied, "that's good for you" and "that will teach you a lesson for filing suits against my facility and my officers."

On <u>November 7, 2010</u>, Plaintiff was assaulted by six inmates between ten and ten forty-five in the morning. [Doc. #1, p.15] He was physically assaulted by inmates/defendants Refuge and Ranker, who slapped Plaintiff with extreme force and struck him with closed

2

fists. Refuge and Ranker attacked Plaintiff again, with the assistance of inmates/defendants Gates, Williams, Victory, and Davis.

Plaintiff finally summoned the assistance of Defendant Napper. While he was asking her to remove him from the tier, he was strick by Refuge and Ranker with closed fists. Refuge and Ranker were removed from the tier and Plaintiff was taken to pre-hearing detention. After an hour passed, Plaintiff was removed from the cell and confronted by Stevenson, Rials, and Glover. Stevenson grabbed Plaintiff by the neck and Glover dragged him to the infirmary where he was treated for his injuries.

On November 12, 2010, Plaintiff and inmate/defendant Refuge were released from confinement back into the general population. Plaintiff and Refuge (who had attacked Plaintiff) were placed back in the same unit, and on the same tier. Inmate/defendant Refuge attacked Plaintiff again while Plaintiff was "merely attempting to exit the tier." Plaintiff "neither provoked the attack, or returned any violence." [Doc. #1, p.18]

Plaintiff alleges that Defendant Napper is a correctional counselor who acted with deliberate indifference by not conducting security checks between 10:00 and 10:45 when Plaintiff was attacked. Plaintiff states that if she had performed checks, his attack would have been prevented. He also states that she allowed Plaintiff to be placed on the same tier as his attacker.

3

As a result of the defendant's actions, Plaintiff suffered cuts, abrasions, bruising, asthma attacks, and seizures.

### *Inmates as Defendants*

Plaintiff also names as defendants the six inmates who attacked him in November 2010. Plaintiff filed suit under 42 U.S.C. §1983. "In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Plaintiff's fellow inmates were not acting under color of state law; they can not be described as state actors.

Thus, it is **RECOMMENDED** that the following defendants be **DISMISSED** from this civil rights suit:

Roland Ranker, LaBark Refuge, Pierre Davis, Phillipian Gater, Brian Williams, and Robert Victory.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 25th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE