RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _ / / 6 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES RAY LACHNEY,<br>          Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00208 |
| VERSUS | |
| TIM WILKINSON, et al.,<br>          Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Charles Ray Lachney ("Lachney") on January 31, 2011 (Doc. 1). The named defendants are Tim Wilkinson, warden of Winn Correctional Center ("WCC") in Winnfield, Louisiana, George Stevenson, Tommy Glover, Capt. Rials, Sandy Taylor, Misty Bazar, and Monica Napper, corrections officers employed at WCC, and Roland Ranker, Labaric Refuge, Pierre Davis, Phillipian Gater, Brian Williams, and Robert Victory, all inmates at WCC. Lachney contends that, while he was confined in WCC in October and November 2010, the defendants retaliated against him for filing grievances and lawsuits and physically assaulted him. For relief, Lachney asks for injunctive relief and monetary damages. Lachney is no longer incarcerated and is residing in Alexandria, Louisiana.

Lachney's Section 1983 action against the inmate defendants (Ranker, Refuge, Davis, Gater, Williams, and Victory) was dismissed (Doc. 12). Defendants Bazar and Taylor were never served because they are no longer employed at WCC (Docs. 14, 15). Defendants Wilkinson, Stevenson, Glover, Rials, and Napper answered the complaint (Doc. 11) and filed a motion to dismiss (Doc. 18). Lachney did not file an opposition to defendants' motion to dismiss, which is now before the court for disposition.

<u>Lachney's Allegations</u>

Lachney contends that, while he was incarcerated in WCC on October 23, 2010, Taylor, Stevenson, and Bazar told him they were going to "kick his ass" if he did not stop filing ARPs and lawsuits, then assaulted him, causing Lachney to have an asthma attack. Lachney contends Taylor then sprayed him with mace during his asthma attack, causing him to have a convulsive seizure. Lachney contends Stevenson and Bazar kicked him in the ribs while he was on the ground. Lachney alleges he was eventually put in restraints and placed in administrative segregation to await a disciplinary hearing. Lachney contends that the next day he told Warden Wilkinson what had occurred and alleges Wilkinson told him that would teach him a lesson for filing a lawsuit against the facility and its officers. Lachney contends he was charged with "threat to facility" but was never convicted.

Lachney further contends that, on November 7, 2010, he was

twice assaulted (without provocation) by inmates who used their fists-the first time by inmates Labaric Refuge and Roland Ranker, and the second time by Refuge, Ranker, Gates, Williams, Victory, and Davis.   Lachney contends that, during the second attack, he summoned officer Napper, who saw Refuge and Ranker strike Lachney. Lachney contends that Officer Napper took both Refuge and Lachney to the medical unit, then to pre-disciplinary hearing detention. Lachney alleges that, after he spent about an hour in administrative segregation, defendants Stevenson, Rials, and Glover confronted him, Stevenson choked him, then Glover took him to medical.

Lachney also claims that, on November 12, 2010, when he and Refuge were released back to general population, Refuge again assaulted him without provocation.

### Motion to Dismiss

Defendants contend Lachney's complaint should be dismissed for failure to exhaust his administrative remedies.

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001).

Also, <u>Jones v. Bock</u>, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007); <u>Days v. Johnson,</u> 322 F.3d 863 (5th Cir. 2003); <u>Clifford v. Gibbs</u>, 298 F.3d 328, 330-331 (5th Cir. 2002); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001).  Resort to a prison grievance process must precede resort to a court.[1]  <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990.  Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust.  <u>Jones</u>, 549 U.S. at 218, 127 S.Ct. at 922-923.

Defendants submitted copies of Lachney's grievances and an affidavit by Mona Heyse, the Quality Assurance Manager at WCC (Doc. 18).  Heyse states in her affidavit that she maintains the ARP forms and files at WCC (Doc. 18).  Heyse further states in her affidavit that Lachney has never filed a grievance at WCC concerning an assault or a failure to protect him from an assault that occurred in October or November 2010.  Although Heyse shows Lachney filed an ARP complaining that Taylor, Bazar and Stevenson threatened him over his religious practices on October 31, 2010, he did not complain of having actually been assaulted (Doc. 18).

Nothing in Lachney's compliant indicates that he exhausted his administrative remedies.  Heyse's uncontested affidavit shows

---

[1] The Louisiana prison administrative remedy procedures are set forth at the Louisiana Administrative Code, Title 22 (Corrections, Criminal Justice and Law Enforcement), Part I (Corrections), Section 325, (Adult Administrative Remedy Procedures).

4

Lachney failed to exhaust his administrative remedies, a fact which is not disputed by Lachney (since he did not oppose defendants' motion).    Therefore,  Lachney's  complaint  should  be  dismissed without prejudice for lack of exhaustion.

## Conclusion

Based  on  the  foregoing  discussion,  IT  IS  RECOMMENDED  that Lachney's complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under  the  provisions  of  28  U.S.C.  §  636(b)(1)(c)  and Fed.R.Civ.P.  72(b),  the  parties  have  **fourteen  (14)  days**  from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this day of January 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6